Filed 2/28/22  In re K.M. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re K.M., a Person Coming Under the Juvenile Court Law. | B312481 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KIMBERLY M.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 18CCJP05627B) |

APPEAL from findings and orders of the Superior Court of Los Angeles County.  Mary E. Kelly, Judge.  Affirmed.

Niti Gupta for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Kimberly M. (Mother) appeals from the juvenile court's jurisdictional findings and dispositional orders made on March 8, March 12, April 9, April 26, and April 27, 2021.

Mother's sole argument on appeal is that reversal is warranted because the juvenile court failed to satisfy the initial inquiry requirements under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law (Welf. & Inst. Code, § 224 et seq.)[1] because it and the Los Angeles County Department of Children and Family Services (DCFS) never questioned minor K.M.'s maternal grandmother (Grandmother) as to her Indian ancestry.

We find that the juvenile court erred in determining that ICWA did not apply without DCFS questioning Grandmother, but that the error was harmless because Grandmother denied Indian ancestry in a previous dependency proceeding involving K.M.  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Because the alleged failure to comply with the inquiry requirements of ICWA and related California law is the sole basis for Mother's appeal, we recite only those facts pertinent to this claim.  We first review DCFS's unopposed request for judicial notice to determine which facts we may consider.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]     We state the facts in the manner most favorable to the juvenile court's order.  (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1046 (*D.S.*).)

## I.    Request for Judicial Notice

DCFS requests that we take judicial notice of a document titled "Jurisdiction/Disposition Report," which was filed with the juvenile court in November 2018 in the first dependency proceeding involving K.M.  Mother filed a letter brief stating that she does not oppose this request.

We find judicial notice proper.  The report is part of a state court record.  (Evid. Code, § 452, subd. (d).)  Moreover, the juvenile court in this case took judicial notice of K.M.'s prior dependency case.  (Evid. Code, § 459, subd. (a).)  Accordingly, we take notice of the Jurisdiction/Disposition Report filed in November 2018 for the evidence it contains that DCFS asked Grandmother whether she had any Indian ancestry and she answered in the negative.

## II.    Prior Dependency Proceedings

In 2018, a juvenile court held K.M. a dependent due to general neglect by both parents.  In 2019, the court granted joint legal custody to both of K.M.'s parents, but gave sole physical custody to K.M.'s father.

During those proceedings, a DCFS social worker asked Grandmother whether she had any Indian ancestry, and she said that she did not.

## III.   Active Dependency Proceedings

In December 2020, DCFS filed an original petition under section 300, subdivision (b)(1).  DCFS placed K.M. under Grandmother's care.

In October and November 2020, in interviews with DCFS, K.M.'s parents denied Indian ancestry.

On December 16, 2020, the juvenile court held a detention hearing. At that hearing, the juvenile court found that ICWA did not apply to K.M. The juvenile court then ordered K.M. detained from both parents.

In February 2021, K.M.'s parents again denied any Indian ancestry when interviewed by DCFS.

The juvenile court held a jurisdiction hearing on March 8, 2021, and held K.M. a dependent under section 300, subdivision (b)(1).

On March 12, April 9, and April 26, the court continued the disposition hearing to subsequent dates.

On April 27, 2021, the court held a contested disposition hearing and removed K.M. from his parents' custody under section 361, subdivision (c)(1). In making this determination, the juvenile court explicitly took judicial notice of the 2018 dependency proceeding involving K.M.

On April 27, 2021, Mother timely appealed the juvenile court's jurisdictional and dispositional orders and its findings made on March 8, March 12, April 9, April 26, and April 27, 2021.

## DISCUSSION

Mother's sole contention on appeal is that the juvenile court failed to properly comply with its duty of inquiry under ICWA and related California law because neither the court nor DCFS inquired of Grandmother as to whether K.M. is an Indian child. Mother argues that there is no indication that the juvenile court relied upon its previous finding regarding Grandmother in the first dependency case. She further asserts that when the social worker interviewed Grandmother in this matter, she never asked whether K.M. is an Indian child. Finally, she argues that because the juvenile court knew K.M. was in Grandmother's care

4

and Grandmother appeared at the jurisdictional hearing, the court had a duty to inquire of her as to K.M.'s Indian status. Mother asks that we affirm the judgment, but reverse the juvenile court's finding that K.M. is not an Indian child and remand for compliance with the court's initial duty of inquiry.

DCFS counters that the juvenile court's orders should be affirmed because Grandmother denied Indian ancestry previously and the parents both denied Indian ancestry in this matter. DCFS also points out that the juvenile court explicitly took judicial notice of the 2018 dependency proceedings, where Grandmother was interviewed and denied Indian heritage.

We agree that DCFS was required to inquire of Grandmother and did not, but find this error harmless because Grandmother denied Indian heritage in the previous dependency case and there is no reason to believe that her answer would have changed since 2018.

## I.  Standard of Review

In cases where " 'the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied.' " (*In re D.F.* (2020) 55 Cal.App.5th 558, 565, quoting *D.S., supra,* 46 Cal.App.5th at p. 1051.)  In addition, " ' "[W]e review the juvenile court's ICWA findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order.  [Citations.]  We must uphold the court's orders and findings if any substantial evidence, contradicted or uncontradicted, supports them, and we resolve all conflicts in favor of affirmance." ' " (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 401, quoting *In re D.F., supra*, 55 Cal.App.5th at pp. 565, 569.)

## II. Applicable Law

"ICWA reflects a congressional determination to protect American Indian children and to promote the stability and security of Indian tribes and families." (*In re Josiah T., supra*, 71 Cal.App.5th at p. 401.) In ICWA, Congress established procedural rules applicable in dependency cases to ensure that if an Indian child is involved, they are properly identified. (*Ibid.*; 25 C.F.R § 23.107(a).)

Federal regulations implementing ICWA provide that "[s]tate courts must ask each participant in an emergency or voluntary or involuntary child-custody proceeding whether the participant knows or has reason to know that the child is an Indian child[]" and that "[s]tate courts must instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child." (25 C.F.R § 23.107(a).) Federal law thus places a duty on state courts to inquire of "participants" and "parties" to a case whether they know or have reason to know the child is an Indian child. (*Ibid.*)

Under state law, the juvenile court and DCFS both additionally have a " 'continuing duty to inquire' " whether the child is an Indian child. (*In re D.F., supra*, 55 Cal.App.5th at p. 566, citing § 224.2, subd. (a).) This duty has three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice. (*Ibid.*) Only the initial failure of DCFS and the juvenile court to inquire of Grandmother is at issue here.

"State law lays out the requirements for initial inquiry." (*In re Josiah T., supra*, 71 Cal.App.5th at p. 402.) This inquiry requires DCFS to inquire of "the child, parents, legal guardian, Indian custodian, extended family members, others who have an

6

interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b).)  In addition, "[a]t the first appearance in court of each party, the court shall ask each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child." (*Id.*, subd. (c).)

### III. The Juvenile Court Failed to Ensure That the Department Complied With ICWA and Related California Law, But the Error Was Harmless

While "[t]here is no federal duty to inquire of extended family members," (*In re A.C.* (2021) 65 Cal.App.5th 1060, 1069),[3] DCFS had a state law duty to inquire into Grandmother's Indian heritage because she is an extended family member.  (§ 224.2, subd. (b).)  DCFS failed to do so.  DCFS does not contest that it failed to question Grandmother; it merely asserts that it did so in the previous dependency proceeding.  The juvenile court also failed to ensure that DCFS made this required inquiry.  (See *In re Y.W.* (2021) 70 Cal.App.5th 542, 555.)

Regardless, these errors relating to the initial inquiry into Grandmother's Indian heritage were harmless, so remand is not warranted. Error under state law may be deemed harmless where, had the required steps been taken, the child would not have been found to be an Indian child.  "Deficiencies in ICWA inquiry and notice may be deemed harmless error when, even if proper notice had been given, the child would not have been

---

[3]     We acknowledge that there is a duty extending to grandparents when a court knows or has reason to know a child is an Indian child in giving *notice* to relatives.  (See 25 C.F.R. § 23.111.)

7

found to be an Indian child." (*In re D.N.* (2013) 218 Cal.App.4th 1246, 1251, citing *In re E.W.* (2009) 170 Cal.App.4th 396, 402 (*E.W.*) and *In re S.B.* (2005) 130 Cal.App.4th 1148, 1162 (*S.B.*).) Grandmother denied Indian ancestry when interviewed during the 2018 dependency proceeding. The initial inquiry error as to Grandmother was therefore harmless because there is no reason to believe that she would give a different response in this proceeding.

Because Grandmother denied Indian ancestry, remand is not warranted. Remand "would be an empty formality" and contrary to "considerations of judicial economy . . . and the child['s] need for stability." (*E.W.*, *supra*, 170 Cal.App.4th at pp. 401–402; see also *In re A.B.* (2008) 164 Cal.App.4th 832, 843 (*A.B.*) [taking judicial notice of evidence that parents denied Indian heritage in judicial proceedings in another state court, thus holding the inquiry error harmless and noting that remand would serve "no purpose other than delay"].)

Mother's reliance upon *In re Benjamin M.* (2021) 70 Cal.App.5th 735 (*Benjamin M.*) in urging us to remand is unpersuasive. In *Benjamin M.*, one parent was not available to report or deny Indian heritage and the agency never inquired of any of the missing parent's available relatives. (*Id.* at pp. 744–745.) Here, both parents were available and repeatedly denied Indian heritage, and DCFS did inquire of Grandmother, albeit in judicial proceedings in another court. (See *A.B.*, *supra*, 164 Cal.App.4th at p. 842.) Remand to interview Grandmother to ask the same question she already answered would serve no purpose.

Mother also argues that the court had its own duty to question Grandmother as to her Indian heritage. She fails to properly support this argument with legal authority, thus fails to

8

support her claim of reversible error.  (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [burden is on appellant to demonstrate trial court error]; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277 [appellant must cite legal support for claim of error].)

First, Mother claims that the juvenile court was required to question Grandmother under state law providing that at "the first appearance in court of each party, the court shall ask each participant present" about the child's Indian status.  (§ 224.2, subd. (c).)  She does not cite any case law in direct support of this claim, and applicable statutory law does not define "participant." (See § 224.1.)  Regardless, we need not reach this question because we conclude that any inquiry error under state law was harmless.

Second, Mother claims the juvenile court violated federal law by not questioning Grandmother as a "participant" when she appeared at the jurisdictional hearing.  (25 C.F.R § 23.107(a).)  Again, she does not cite any case law to support this contention. The case she relies upon, *In re Breanna S.* (2017) 8 Cal.App.5th 636, 653, disapproved of by *In re Caden C.* (2021) 11 Cal.5th 614, 637 fns. 6-7, addresses federal tribal *notice* requirements, not the *initial inquiry* requirements.  The applicable federal statute also does not define "participant."  (See 25 C.F.R § 23.)  Regardless, we need not reach this question because even where ICWA itself has not been followed, ICWA error is harmless where, as here, the outcome would be the same even if followed.  (See, e.g., *S.B.*, *supra*, 130 Cal.App.4th at p. 1162 ["An ICWA notice violation may be held harmless when . . . even if notice had been given, the child would not have been found to be an Indian child"].)

9

In sum, there is substantial evidence supporting the juvenile court's conclusion that ICWA does not apply because both parents and Grandmother have denied Indian heritage, and Mother does not assert on appeal that any other relative should have been questioned.

## DISPOSITION

The juvenile courts findings and orders are affirmed.

HARUTUNIAN, J.[*]

We concur:

GRIMES, Acting P. J.

WILEY, J.

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.